UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR BISHAY,

    Petitioner,

v.

NICOLE MARIE BISHAY, et al.,

    Respondents.
_____/

Case No. 1:24-cv-1283

Hon. Hala Y. Jarbou

## ORDER

Petitioner Victor Bishay filed a verified petition for return of children under the Convention on the Civil Aspects of International Child Abduction, T.I.A.S. No. 11670 ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA") against Respondents Nicole Marie Bishay and Mary Kay Clifford. (Pet. 1, ECF No. 1.) Petitioner is the father of three minor children. Respondent Bishay is the mother and Respondent Clifford is the maternal grandmother of the three minor children. Petitioner claims respondents are wrongfully retaining the three minor children in the United States. Before the Court is Petitioner's motion requesting the Court schedule an initial hearing and issue an order that: (1) prohibits removing the three minor children from the jurisdiction of the Court; and (2) requires Respondents immediately surrender any and all passports and other travel documents (including visas, birth certificates, etc.) for the minor children that are in their possession. (Mot. 4-5, ECF No. 2.) For the reasons discussed herein, the Court will grant in part and deny in part Petitioner's motion.

### I. BACKGROUND

This is an international custody dispute. Under the Hague Convention, for custody disputes in which children have crossed international borders, the "venue for the ultimate custody determination" should—typically—be "in the child's country of habitual residence rather than the

country to which the child is abducted." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 5 (2014). There are limited exceptions. Hague Convention, Arts. 12, 13, 20. In determining whether or not children should be returned to another country for a custody hearing, the Court "shall act expeditiously." *Id.* Art. 11.

Petitioner claims Respondents are wrongfully retaining the children in the United States. The children are dual citizens of Canada and the United States. (Pet. 3.) Over the last five years, the children have lived in the United Arab Emirates, Canada, Egypt, and the United States.[1] (*Id.* at 4-6.) In March 2024, Respondent Bishay notified Petitioner that she wanted a separation from their marriage, and the two began formal mediation. (*Id.* at 6.) During this mediation period, the family was located in Cairo, Egypt, housed by Respondent Bishay's employer, the U.S. Foreign Service. (*Id.*)

On October 8, 2024, Respondent Bishay commenced custody and divorce proceedings in state court in Ingham County, Michigan. (*Id.* at 7.) On November 15, 2024, Petitioner filed a motion for summary disposition to dismiss the state court custody proceedings. (*Id.*) He also commenced custody proceedings in Ontario, Canada. (*Id.*) While still in Cairo, Egypt, as American Thanksgiving approached, Respondent Bishay notified Petitioner that she wanted to spend the holiday with the children in Michigan, where her mother is located. (*Id.* at 7-8.) Petitioner did not support this plan. (*Id.* at 8.) Out of fear that Respondent Bishay would travel to the United States with the children, Petitioner took custody of the children's United States passports. (*Id.*) The U.S. Embassy in Cairo issued temporary passports for Respondent Bishay to

---

[1] The complaint references time spent in these various countries, including Cairo, Egypt, while Respondent Bishay worked for the U.S. Foreign Service out of the U.S. Embassy in Cairo. (Pet. 5-6.) This Order makes no factual findings as to whether the children were habitual residents of any of these countries for the purposes of the petition for return of children. This Order shall not be construed as declaring the children to be habitual residents of any country for any period of time.

2

travel to Washington, D.C. with the children. (*Id.* at 9.) On or about November 23, 2024, Respondent Bishay and the children traveled to Michigan to stay with Respondent Clifford. (*Id.* at 10.) On November 25, 2024, upon Respondent Bishay's motion, the Michigan state court issued an order prohibiting the children from being removed from the State of Michigan. (*Id.*) A hearing in state court is set for December 13, 2024. (*Id.*) On December 4, 2024, Petitioner filed his petition with this Court.

## II. STANDARD

Petitioner requests this Court restrict the children from leaving the jurisdiction of the Court and require Respondents to surrender any and all documents with which the children may use for travel. Given the nature of these remedies, and the lack of notice to Respondents, the Court construes these requests in the motion as an *ex parte* TRO. *See Lawrence v. Lewis*, No. 1:15-cv-191, 2015 WL 1299285, at *1 (S.D. Ohio Mar. 23, 2015) (construing similar requests for relief under a Hague Convention petition as a TRO); *see also Sinclair v. Sinclair*, No. 96-1015, 1997 WL 428897, at *1 (6th Cir. July 30, 1997) (upholding district court proceedings that treated preliminary relief request under the Hague Convention as a TRO); *In re McCullough*, 4 F. Supp. 2d 411, 415 (W.D. Pa. 1998) (construing preliminary relief in Hague Convention petition as a TRO).

A temporary restraining order ("TRO") "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (internal citation omitted). The Court may grant a TRO *ex parte* only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should

3

not be required." Fed. R. Civ. P. 65(b)(1). The court weighs four factors when determining whether preliminary relief is appropriate: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the preliminary relief; (3) whether granting the preliminary relief would cause substantial harm to others; and (4) whether the public interest would be served by granting the preliminary relief. *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012).

The four factors "are not prerequisites that must be met, but . . . interrelated considerations that must be balanced together." *Ne Ohio Coal. for Homeless*, 467 F.3d at 1009. However, the "irreparable harm" factor "is indispensable." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326-27 (6th Cir. 2019). In fact, "a district court is 'well within its province' when it denies [preliminary relief] based solely on the lack of an irreparable injury" because "this factor is dispositive." *Id.* at 327 (emphasis omitted) (quoting *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991)).

### III. ANALYSIS

Petitioner has not shown that immediate and irreparable harm will result before Respondents can be heard in opposition, nor has Petitioner shown any efforts to notify Respondents or explain why such notice should not be required. In fact, the record indicates that there is limited risk of immediate and irreparable harm. As Petitioner asserts, the state court has already issued an order preventing the children from leaving Michigan. Contrary to Petitioner's claim that moving the children outside the jurisdiction of this Court risks interfering with the Court's authority, because Petitioner filed this action in this Court while the children were located in the Western District of Michigan, this Court retains jurisdiction for the remainder of the proceedings. 22 U.S.C. § 9003(b), (d). The Court need not impose additional restrictions on the children's ability to move, or require Respondents surrender the children's documents at this time.

4

ICARA grants this Court the authority to "take[] measures . . . as appropriate, to protect the well-being of the child[ren] involved or to prevent the child[ren]'s further removal or concealment." *Id.* § 9004(a). Given the heightened burden on *ex parte* TROs and the existing state order that prevents moving the children out of Michigan, Petitioner's requests are not appropriate. The requests to limit the children's mobility and force Respondents to surrender the children's travel documents will be denied.

Independent from the requested remedies discussed above, Petitioner seeks an expedited hearing schedule for the Court to hear his petition for return of children. Given the requirements under the Hague Convention that require expeditious resolution of these matters to protect the best interests of the children, the Court will grant Petitioner's motion in regards to the expedited schedule.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to expedite and request to issue show cause order (ECF No. 2) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Petitioner's request to impose additional restrictions on Respondents' ability to move the children is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request to force Respondents to surrender the children's passports and other documents related to travel is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for an expedited hearing schedule for the petition for return of children is **GRANTED**. Petitioner and Respondents are ordered to appear at an initial hearing before this Court to be held on **December 10, 2024**, at **10:00 AM** in the courtroom at the Federal Building located at 315 W. Allegan St., Lansing, Michigan. The

5

initial hearing will establish a schedule for an expedited hearing on the merits of the petition for return of children and resolve any preliminary matters.

**IT IS FURTHER ORDERED** that Petitioner properly **SERVE** upon Respondents a copy of this Order, and a copy of the Petition for Return, together with all attachments and all other filings, on or before **December 6, 2024**, at **5:00 PM**.


Dated: December 5, 2024                /s/ Hala Y. Jarbou
                                       HALA Y. JARBOU
                                       CHIEF UNITED STATES DISTRICT JUDGE